UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL JUAREZ,<br><br>Petitioner,<br><br>v.<br><br>EASTERN DISTRICT OF CALIFORNIA,<br><br>Respondent. | Case No. 1:21-cv-01277-HBK<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR FAILURE TO STATE A CLAIM[1]<br><br>(Doc. No. 1)<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>ORDER DIRECTING CLERK TO PROVIDE PETITIONER WITH § 1983 COMPLAINT FORM |

Petitioner Juan Manuel Juarez, a state prisoner proceeding *pro se*, initiated this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 on August 23, 2021. (Doc. No. 1, Petition). Although submitted on a habeas corpus form, Petitioner's claims are properly pursued via a civil rights complaint under 42 U.S.C. § 1983. The undersigned recommends that the Petition be dismissed for failure to state a cognizable claim and Petitioner be permitted to pursue his claim in a new action filed under 42 U.S.C. § 1983.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

## I.  BACKGROUND

Petitioner is a state prisoner serving 24 years to life for his 2010 conviction for second degree murder and attempted murder.  (Doc. No. 1 at 2).  In his Petition, Petitioner names the "Eastern District of California" as the Respondent.  (*Id*. at 1).  In the section of the habeas form inquiring what the "petition concerns," Petitioner checks "jail or prison conditions" and "other." (*Id*).  In his first ground for relief, Petitioner complains that prison staff are denying him access to ceremonial wine, so that he might observe his religion.  (*Id*. at 3).  In his second ground for relief, Plaintiff complains that the state court's finding that he did not exhaust his administrative remedies regarding his claim concerning the denial of wine is incorrect.  (*Id*. at 4).  The Petition does not identify what relief, if any, Petitioner seeks.  (*See generally* Doc. No.1).

## II.  APPLICABLE LAW AND ANALYSIS

### A.  The Claims Do Not Spell Earlier Release

This matter is before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases.  *See* R. Governing Section 2254 Cases, Rule 1(b); 28 U.S.C. § 2243.  Under Rule 4, the Court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  Under § 2254, a writ of habeas corpus is available to prisoners who seek to challenge the fact or duration of their confinement.  *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994).  If a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," the claim is not cognizable on federal habeas review.  *See Nettles v. Grounds*, 830 F.3d 922, 935-37 (9th Cir. 2016).  Contrarily, "requests for relief turning on circumstances of confinement may be presented in a [42 U.S.C.] § 1983 action." *Muhammad v. Close*, 540 U.S. 749, 750 (2004).

Petitioner's claims stem from the denial by prison staff of ceremonial wine that Petitioner states is necessary for his religious tenets and the state court's denial of his claim on the basis that he failed to exhaust his administrative remedies.  (*See generally* Doc. No. 1).  Petitioner's claim against prison officials implicates the First Amendment freedom of religion clause.[2]  Thus, the

---

[2] A prisoner is required under the PLRA to fully exhaust his administrative remedies regarding his claim (which petitioner claims he did).  *See* 42 U.S.C. § 1997(e).  Generally, outside of the prison's

1  success of the claim would not lead to Petitioner's earlier release.  Accordingly, the undersigned

2  finds that Petitioner has failed to state a cognizable habeas claim.  Instead, Petitioner's claim

3  should be brought under § 1983.

### B. Conversion to Civil Rights Complaint Not Appropriate

Next, the undersigned considers whether to convert the Petition into a § 1983 complaint. "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." *Nettles*, 830 F.3d at 936 (remanding case to district court to consider claim under § 1983).  When filing a § 1983 claim, courts require plaintiffs to "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).  A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

The undersigned finds the petition is not properly convertible to a § 1983 complaint for two reasons.  First, the petition is not amenable to conversion on its face because Petitioner's allegations about the denial of ceremonial wine are too conclusory to state a § 1983 claim. Further, Petitioner names the Eastern District of California as the Respondent.  Petitioner has not named as the respondent the individuals who allegedly committed the affirmative acts or omissions that violated his rights.  Nor does Petitioner identify the type of relief he seeks, i.e., monetary damages or injunctive relief, or both.  Second, automatic conversion would be unfair to Petitioner.  The filing fee for a habeas petition is $5, and if leave to proceed *in forma pauperis* is

---

administrative process, a prisoner is not required to pursue his constitutional claim in the state court. Regarding Petitioner's second claim, this Court does not sit as a super appellate court to determine whether a state court improperly dismissed a state civil action absent an independent constitutional issue.

granted, the fee is forgiven. For civil rights cases, however, the filing fee is $350 plus an administrative fee of $50 if granted *in forma pauperis* status. Under the Prisoner Litigation Reform Act, a prisoner is required to pay the full filing fee, even if he is granted *in forma pauperis* status, by way of deductions from the prisoner's trust account. *See* 28 U.S.C. § 1915(b)(1). If the Court did convert this action to a § 1983 action, Petitioner would face the larger filing and administrative fees—which he might prefer not to do.

While the undersigned finds the petition is not amendable to conversion, Petitioner is free to file a § 1983 complaint in a separate action. In doing so, Petitioner is advised that a complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Iqbal*, 556 at 678. If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id*. at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted). The complaint must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Further, a plaintiff must identify what relief he seeks on his complaint.

## II. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where, as here, the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional

claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

### III. RECOMMENDATION AND ORDER

Accordingly, it is **ORDERED**:

1. The Clerk of Court is directed to send Petitioner a § 1983 civil rights complaint form.

2. The Clerk of Court is directed to assign this case to a District Judge for the purposes of reviewing these findings and recommendations.

It is further **RECOMMENDED**:

The Petition be dismissed for failure to state a claim. (Doc. No. 1).

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   August 27, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE